UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Paul Maruska; and Mary Maruska,

        Plaintiffs,

vs.                                    MEMORANDUM ORDER

United States of America,

        Defendant.            Civ. No. 98-790 (RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of August, 1999.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the parties' consent, made in accordance with the provisions of Title 28 U.S.C. §636(c), upon the Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment.[1] See, Rules 12(b)(1), (b)(6), and 56, Federal Rules of Civil Procedure. A Hearing on the Motion was conducted on May 11, 1999, at which the Plaintiffs appeared pro se, and the Defendant appeared by Carl J. Tierney, United States Department of Justice. For reasons which follow, the Defendant's Motion is granted, and this

---

[1] Also before the Court is the Defendant's Motion for Leave to File a Response to the Plaintiffs' Supplemental Objection and Opposition for Leave to File Additional Evidentiary Submissions, which we grant.

AUG 0 2 1999
FILED_____
FRANCIS E. DOSAL, CLERK
AUG 0 2 1999
JUDGMENT ENTD_____
DEPUTY CLERK_____

action is dismissed, without prejudice, because the Court lacks jurisdiction over the subject matter. See, Rule 12(b)(1), Federal Rules of Civil Procedure.

## II. Factual and Procedural History

The Plaintiffs, Paul Maruska and Mary Maruska, instituted this tax refund suit in order to challenge the Federal withholding, as well as the assessment of income taxes, on their wages. Reflective of Shylock's protest, that "you take my life [w]hen you take the means whereby I live," William Shakespeare, The Merchant of Venice, Act IV, sc. 1, the Plaintiffs contend that their wages, as the legitimate fruits of their labor, and as the underpinning of all of their property holdings, should be constitutionally immune from the Federal income tax.

The Plaintiffs jointly filed an IRS Form 1040 -- EZ Federal income tax return -- with the Internal Revenue Service ("IRS"), for the taxable year of 1996, on April 10, 1997. See, Compl., Ex. A. Their IRS W2 forms reported that Paul Maruska had earned $20,068.81, and that Mary Maruska had earned $32,147.48, in wages, tips, and other compensation, during 1996. See, Second Declaration of Carl J. Tierney, and attachments. Nevertheless, the Plaintiffs reported that they had no income, by entering "$0.00" in the space for "Total wages, salaries, and tips," which expressly referenced the W2 forms. The Plaintiffs accurately reported that $6,901.26

had been withheld from their wages and, given their reported absence of taxable income, the Plaintiffs claimed a refund for the entire amount of taxes withheld. The Plaintiffs appended a notarized declaration to their tax return, which articulated their belief that they have no taxable income, and which stated that they were filing their return, under protest, in order "to prevent illegal prosecution of an alleged failing to file a proper tax return for the year 1996." Compl., Ex. A.

The Plaintiffs' tax return was not well-received at the IRS. The IRS notified the Plaintiffs on June 28, 1997, that their tax return was being rejected, as a "frivolous return," and instructed the Plaintiffs to file a corrected return within 30 days. Compl., Ex. C. To date, the Plaintiffs have not corrected their tax return. Rather, the Plaintiffs instituted a civil action in this Court for a refund of the $6,902.26 that had been withheld, and claimed that the IRS had no authority to withhold those funds, when there had not, as yet, been an actual assessment of taxes against them. See, Compl. ¶ 6-9. The Defendant promptly moved to dismiss the Complaint, and a Hearing on that Motion was conducted on June 1, 1998.

Thereafter, the IRS issued notices of deficiency to the Plaintiffs, which increased their 1996 Federal income taxes to reflect additional taxable income, and statutory penalties, for failing to

- 3 -

file a return for that year. As a consequence, the Defendant's Motion to Dismiss was withdrawn, and this action was continued until March 27, 1999, in order to afford the Plaintiffs an opportunity to petition the United States Tax Court for a redetermination of the asserted deficiency. See, Title 26 U.S.C. §7422(e). On March 10, 1999, the IRS made an assessment of Federal income tax liabilities against both of the Plaintiffs.

Now, the Defendant renews its Motion to Dismiss, and contends that this action is not embraced by any waiver of the United States' sovereign immunity. Further, the Defendant urges that the substance of the Plaintiffs' Complaint is wholly without merit. Hence, the Defendant seeks dismissal, or Summary Judgment, for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

### III. Discussion

A. <u>Standard of Review</u>. As a Federal Court, we have limited jurisdiction, and may only hear matters which fall within our jurisdictional limits. <u>Marine Equipment Management Co. v. United States</u>, 4 F.3d 643, 646 (8th Cir. 1993)("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."), citing <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986), citing in turn,

Marbury v. Madison, 5 U.S. [1 Cranch] 137 (1803). As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See, Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998); Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992).[2]

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by Statute. United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992); United States v. Mitchell, 445 U.S. 535, 538 (1980). In granting its consent to be sued, the United States may attach such conditions, and limitations, as it deems proper, and strict compliance with those conditions is an absolute requirement. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993)(holding that waiver of Federal Tort Claims Act sovereign immunity is conditioned upon strict compliance

---

[2]To succeed in a Motion to Dismiss for want of subject matter jurisdiction under Rule 12(b)(1), the challenging party must successfully attack the Complaint, either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, we accept all of the factual allegations in the Complaint as true and ask whether, under those circumstances, Federal subject matter jurisdiction exists. See, Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998), quoting Berkovitz v. United States, 486 U.S. 531, 540 (1988). A District Court also has the authority, in a Rule 12(b)(1) Motion challenging subject matter jurisdiction, to consider matters outside of the pleadings. Id. at 1191 n. 3, quoting Drevlow v. Lutheran Church Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993).

with exhaustion requirement), cert. denied, 510 U.S. 1109 (1994). Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. <u>West v. Gibson</u>, --- U.S. ---, 119 S.Ct. 1906, 1912 (1999); <u>Department of the Army v. Blue Fox, Inc.</u>, --- U.S. ---, 119 S.Ct. 687, 691 (1999); <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 34 (1992). Ultimately, when the sovereign consents to be sued, the terms of the waiver of sovereign immunity establish the parameters of the Court's jurisdiction. <u>Hercules, Inc. v. United States</u>, 516 U.S. 417, 422 (1996); <u>United States v. Mottaz</u>, 476 U.S. 834, 841 (1986); <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1991).

    B.   <u>Legal Analysis</u>. To successfully establish Federal subject matter jurisdiction over their tax refund suit, the Plaintiffs must affirmatively demonstrate that they have met the conditions, and requirements, which are necessary to the United States' waiver of sovereign immunity. See, <u>Ohio National Life Ins. Co. v. United States</u>, 922 F.2d 320, 324 (6th Cir. 1990); <u>Watts v. Internal Revenue Service</u>, 925 F. Supp. 271, 275 (D.N.J. 1996). The Plaintiffs have failed to sustain that burden.

    Title 28 U.S.C. §1346(a), which permits suits against the government for recovery of taxes "erroneously or illegally assessed or collected," and Section 7422 of the Internal Revenue Code, <u>Title</u>

26 U.S.C. §7422, which provides the same relief, waive the sovereign immunity of the United States so as to permit civil actions, in the United States Courts, for the refund of Federal income taxes. As stated by the Supreme Court, these sections must be read in concert, giving full effect "to provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain limitations." United States v. Dalm, 494 U.S. 596, 599 (1990). The Plaintiffs run afoul of two important qualifications on their right to seek redress in Federal Court; namely, exhaustion, and payment in full of their tax liability.

First, the waiver of sovereign immunity is conditioned upon administrative exhaustion, as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected, **until a claim for refund or credit has been duly filed with the Secretary**, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Title 26 U.S.C. §7422(a).

In addition, a refund suit may not be filed earlier than six months after the filing of the administrative claim for refund, unless the Secretary renders a decision within that time. Title 26 U.S.C. §6532. The timely filing of a refund claim that complies with IRS regulations is, under established precedent, a non-waivable, juris-

- 7 -

dictional prerequisite to the maintenance of a tax refund suit. Chernin v. United States, 149 F.3d 805, 813 (8th Cir. 1998), citing United States v. Dalm, supra at 602, and United States v. Kales, 314 U.S. 186, 193 (1941); Ahmed v. United States, 147 F.3d 791, 795 (8th Cir. 1998); Bohn v. United States, 467 F.2d 1278, 1279 (8th Cir. 1972).

Superficially, it appears that the Plaintiffs met the administrative exhaustion requirement when they demanded a tax refund in their original tax return, and offered the IRS a factual basis to determine the merits of their claim. Ordinarily, taxpayers such as the Plaintiffs may employ their income tax returns as the refund claim. See, Tres. Reg. (26 C.F.R.) §301.6402-3(a)(1) ("In general * * * a claim for credit or refund of such overpayment shall be made on the appropriate income tax return."); Levitsky v. United States, 27 Fed. Cl. 235, 238 (Fed. Cl. 1992)("rather than file a separate claim for refund, a taxpayer may use his tax return as the refund claim."). The Regulations further state that a "claim must set forth in detail each ground upon which a * * * refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof * * *;" and "[a] claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." Treas. Reg. (26 C.F.R.) §301.6402-2(b)(1); see also, In re Ryan, 64 F.3d 1516, 1521 (11th Cir. 1995)

- 8 -

("crystal clarity" is not required, only the "essential elements" of each refund demand).

The purpose of this requirement was well explained by the Fifth Circuit, in <u>Stoller v. United States</u>, 444 F.2d 1391 (5th Cir. 1971) as follows:

> The Commissioner shall not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess * * *. The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund. The need for investigation can be easily obviated by a taxpayer who takes the proper care in preparing his claim for refund.

<u>Id.</u> at 1393; see also, <u>Beckwith Realty, Inc. v. United States</u>, 896 F.2d 860, 862 (4th Cir. 1990)("A carefully drawn claim for refund allows the Commissioner to correct errors and, if disagreement persists, to limit the litigation to the issues which have been reexamined and which he is prepared to defend.").

The Plaintiffs' income tax return expressly claimed a full refund of the taxes that were withheld, and sufficiently articulated the basis of their claim in a sworn, attached statement, such as would allow the IRS to decide the merits of their claim.

The appearance of exhaustion yields to one firm reality, however. As the Regulations provide, even if the grounds for a refund are clearly articulated, a tax return can only qualify as a refund claim if the return is "properly executed." <u>Treas. Reg. (26 C.F.R.) §301.6402-3(a)(5)</u>. The Plaintiffs' return, replete with

zeroes in response to all inquiries -- except the amount of refund claimed -- and containing no recitation of the Plaintiffs' wages or other income, is not a return for purposes of the tax laws. See, United States v. Grabinski, 727 F.2d 681, 687 (8th Cir. 1984); United States v. Goetz, 746 F.2d 705, 707 (11th Cir. 1984); United States v. Mosel, 738 F.2d 157, 158 (6th Cir. 1984); United States v. Rickman, 638 F.2d 182, 184 (10th Cir. 1980); United States v. Moore, 627 F.2d 830, 834 (7th Cir. 1980), cert. denied, 450 U.S. 916 (1981); United States v. Smith, 618 F.2d 280, 281 (5th Cir. 1980), cert. denied, 449 U.S. 868 (1980); but see, United States v. Long, 618 F.2d 74, 75-76 (9th Cir. 1980)(succession of zeroes on tax form, even if untrue as a matter of fact, held sufficient information to constitute a tax return). The Plaintiffs' return for 1996 was a nullity and, with no properly executed tax return filed, their ostensible refund claim is rendered inoperative as well. The Plaintiffs have, therefore, failed to satisfy the jurisdictional prerequisite of having exhausted their administrative remedies.

In our view, the constellation of case law that addresses this exhaustion requirement, and that limits what may properly constitute a return, does not present taxpayers who hold constitutional objections -- such as those maintained by the Plaintiffs -- with any form of Hobbesian choice of either forfeiting their right to a

judicial forum in which to air their constitutional objections, or forfeiting those objections by completing their returns as required by the Regulations. Nothing would have prevented the Plaintiffs from here filing a return that "evince[d] an honest and genuine endeavor to satisfy the law," Zellerbach Paper Co. v. Commissioner, 293 U.S. 172, 180 (1934), by supplying the information required by the tax code, while still presenting the IRS with a constitutionally based claim for a refund.

The Plaintiffs also faltered over a second jurisdictional hurdle, by neglecting to make full payment of their 1996 Federal income tax liability, before filing this action. The Supreme Court considers a tax refund suit to be "a postdeprivation remedy, available only if the taxpayer has paid the Government in full." United States v. Williams, 514 U.S. 527, 538 (1995), citing Flora v. United States, 362 U.S. 145 (1960). The Plaintiffs have not shown that they have paid the full amount of the Federal income tax which was assessed against them. As of May 7, 1999, with additional assessments having been made against each of the Plaintiffs for the 1996 taxable year, Paul Maruska owed $596.89, and Mary Maruska owed $283.93 in unpaid Federal income taxes for that year. See, Declaration of Pete Lanphear ¶ 3-4, Def.'s Ex. A; Certified Transcript of Account for Mary Maruska for the Tax Year 1996, Def.'s Ex. B; Certified Transcript of Account for Paul Maruska for the Tax Year

1996, Def.'s Ex. C. Unless and until the Plaintiffs have fully paid their taxes for 1996, subject matter jurisdiction over the Plaintiffs' refund suit does not lie. See, e.g., Horkey v. United States, 715 F. Supp. 259, 260 (D. Minn. 1989); Humphreys v. United States, 62 F.3d 667, 672 (5th Cir. 1995); Batt v. United States, 976 F. Supp. 1095, 1097 (N.D. Ohio 1997); Escobar v. C.I.R., 967 F. Supp. 214, 216 (W.D. Tex. 1997).

Having failed to strictly comply with the conditions precedent to the United States' waiver of sovereign immunity, the Plaintiffs are not entitled to a judicial redress of their tax refund claims, and this action must be dismissed without prejudice, for want of subject matter jurisdiction. Where the jurisdictional threshold has not been successfully scaled, the Court has no occasion to address the merits, let alone pronounce upon the constitutionality of a challenged law. See, Steel Co. v. Citizens for a Better Environment, --- U.S. ---, 118 S.Ct. 1003, 1016 (1998). We only point out, however, that the Plaintiffs' claims are so at odds with controlling precedent that they may, indeed, be deemed frivolous. Federal income tax withholding is unquestionably constitutional. See, e.g., Seward Machine Co. v. Davis, 302 U.S. 548 (1937)(upholding Titles II and VIII of the Social Security Act); Robinson v. A & M Elec., Inc., 713 F.2d 608, 609 (10th Cir. 1983)("federal income tax withholding does not result in the taking of property without

due process of law."); <u>Beatty v. Commissioner</u>, 667 F.2d 501, 502 (5th Cir. 1982)("Congress has the power to require withholding on wages.").

The Plaintiffs' central argument -- that wages are not "income" within the meaning of the Internal Revenue Code and may not be constitutionally taxed as such -- can no more escape the certainty of rejection, as being contrary to the precedential holdings of the Eighth Circuit, than can mortals elude the certainty of death and taxes.[3]  See, <u>United States v. Gerads</u>, 999 F.2d 1255, 1256 (8th Cir. 1993)("Wages are within the definition of income under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation."), cert. denied, 510 U.S. 1193 (1994); <u>Hansen v. United States</u>, 744 F.2d 658, 660 (8th Cir. 1984)(claim that wages are not income "has been repeatedly rejected by the courts"); <u>United States v. Richards</u>, 723 F.2d 646, 648 (8th Cir. 1983)("Clearly wages and salaries fall within this definition and are constitutionally taxable"); <u>Funk v. C.I.R.</u>, 687 F.2d 264, 265 (8th Cir. 1982)("argument that wages received for services are not taxable as income is clearly frivolous").  While what we say in

---

[3]See, Benjamin Franklin, <u>Letter to Jean Baptiste Le Roy, Nov. 13, 1789</u>, <u>Writings of Benjamin Franklin</u> 69 (Albert H. Smyth ed. 1907)("Our new Constitution is now established, and has an appearance that promises permanency; but in this world nothing can be said to be certain, except death and taxes.").

- 13 -

this respect is wholly advisory, the Plaintiffs strike us as well-intended, and forthright, if misguided, and we wish to make clear that, should they intend to press their position, after exhausting their remedies with the IRS, and paying their taxes in full, they are not likely to find success, at least as their arguments are presently framed.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion for Leave to File a Response to Plaintiffs' Supplemental Objection and Opposition to the Motion for Leave to File Additional Evidentiary Submissions [Docket No. 46] is GRANTED.

2. That the Defendant's Motion to Dismiss [Docket No. 30] is GRANTED.

3. That this action is dismissed without prejudice.

4. That Judgment is entered accordingly.

BY THE COURT:

*Raymond L. Erickson*
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE